IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KEITH CURTIS | : | |
|     Plaintiff | | |
| | : | |
| v. | | |
| | : | Civil Action No. RWT-05-3413 |
| WARDEN | : | |
|     Defendant | : | |

o0o

## **MEMORANDUM**

The above-captioned civil rights action, filed on December 21, 2005, alleges that Plaintiff's rights were violated when his prison cell was searched and officers falsified a prison disciplinary charge. Paper No. 1. For the reasons that follow, the complaint must be dismissed.

Plaintiff, a prisoner confined in the Maryland Correctional Institution at Hagerstown (MCIH), asserts that three officers were present during the search of his cell on December 10, 2005. Paper No. 1. Officer True actually conducted the physical search of Plaintiff's cell while Officers Miller and Schenably observed. *Id*. During the search Officer True discovered contraband in Plaintiff's cell and the decision was made to charge him with a violation of prison disciplinary rules. *Id*. The notice of infraction was written by Officer Schenably, who had never entered Plaintiff's cell for the search. *Id*. Plaintiff claims that the writing of the infractions by Schenabby rather than True violated his constitutional rights. *Id*.

Under the provisions of 28 U.S.C. § 1915(e)(2) a case "shall be dismissed at any time if the court determines that– (A) the allegation of poverty is untrue; or (B) the action or appeal– (i)is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." The instant action fails to state a claim on which relief may be granted. There is no constitutional guarantee that a prison

disciplinary notice will be written by the correctional officer who actually conducts a cell search and finds contraband. The constitutional guarantee with respect to the notice required in prison disciplinary proceedings is found in *Wolff v. McDonnell*, 418 U.S. 539, 564 (1974) which requires that

> [W]ritten notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense. At least a brief period of time after the notice, no less than 24 hours, should be allowed to the inmate to prepare for the appearance before the Adjustment Committee.

It is clear from the allegations raised in the instant complaint, that the constitutional purpose was satisfied in this case. A civil rights complaint filed pursuant to 42 U.S.C. § 1983 requires at least a probable allegation that a government official has in some way deprived Plaintiff of a right guaranteed to him by the United States Constitution. Even when the instant complaint is held to the less stringent standards due a pro se complaint, it is clear that it is subject to dismissal as frivolous. There is no discernible federal issue presented by Plaintiff's allegation.

Plaintiff is reminded that under 28 U.S.C. §1915(g) he will not be granted *in forma pauperis* status if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." The instant case is the

2

first filed by Plaintiff subject to dismissal. For the reasons stated, this case will be dismissed by separate order. Accordingly, the complaint shall be dismissed.

January 19, 2006                                                /s /
Date                                                                Roger W. Titus
                                                                         United States District Judge